*Conklin & McBeath, G. W. Stone, for appellant.*
*Ben S. Robbins, Jas. S. Wortham, for appellee.*

---

BARBARA STONE *v.* L. B. HUDSON.

**Execution—Right of Ownership.**
   Where an officer holding an execution makes a levy on property seized as the property of the execution defendant such property is prima facie subject to such seizure, and one claiming to own such property has the burden of proof and the right to open and close.

**Fraud of Mortgagor.**
   Although a mortgagor executes a mortgage to defraud creditors, if the mortgagee had a subsisting debt against him and was ignorant of his fraudulent purpose such mortgagee is protected by Sec. 1 of the statute relating to fraudulent conveyances.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

March 27, 1878.

OPINION BY JUDGE COFER:

Both the issue formed by the court and the nature of the question to be tried cast the burden of proof upon the appellee and entitled him to conclude the argument. The officer had seized the property as the property of Bryant, the execution defendant, and it was prima facie subject to such seizure.

We can perceive no ground upon which it could have been held that the mortgage from Bryant to the appellee was incompetent as evidence in support of appellee's claim. Its execution was proved by the clerk's certificate of acknowledgment, and it was the foundation of appellee's alleged title.

The instructions asked by the appellant were all properly refused. Nos. 1, 2, 3 and 4 were all attempts to have the court instruct the jury as to the effect of detached portions of the evidence. The issue between the parties was whether the mortgage was fraudulent, and the court properly refused to hypothecate instructions upon distinct portions of the evidence conducing to prove fraud, and left the jury to decide the question on all the evidence.

No. 5 was substantially given in No. 2 of the court's instructions. The instructions given by the court were correct. Although Bryant may have executed the mortgage with intent to defraud his creditors, if the appellee had a subsisting debt against him and was ignorant of Bryant's fraudulent purpose appellee is protected by the express language of the latter clause of Sec. 1 of the statute relating to fraudulent conveyances, which provides that "this section shall not affect the title of a purchaser for a valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor." The question whether appellee had such notice was submitted to the jury, and we cannot say that their finding was flagrantly against the evidence.

The judgment must therefore be *affirmed*.

*James Harrison, A. Duvall, for appellant.*

*W. O. Dodd, for appellee.*